IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CHRISTOPHER HUGH LUCAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:20-CV-97 (MTT) |
| | ) |
| GEORGIA DEPARTMENT OF CORRECTIONS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### ORDER

Pursuant to 28 U.S.C. § 1915A(a) and § 1915(e), United States Magistrate Judge Charles H. Weigle has conducted a screening of the defendants' motion for summary judgment. Doc. 47. The Magistrate Judge recommends that the motion for summary judgment be granted. Doc. 52. Plaintiff Christopher Hugh Lucas objected, so pursuant to 28 U.S.C. § 636(b)(1), the Court reviews de novo the portions of the Recommendation to which Lucas objects.

Lucas raises two issues in his objections to the Magistrate Judge's recommendations: (1) that defendants' decision not to supply Lucas with an electric wheelchair until 45 months after his diagnosis with basal joint arthritis ("BJA") amounts to an Eighth Amendment violation (Doc. 54 at 4-5), and (2) a novel claim related to the seizure and alteration of his thumb-splints. *Id.* at 8.[1] This new claim regarding Lucas's

---

[1] Lucas also makes a factual correction related to the specific conditions of the non-Americans with Disabilities Act compliant sidewalks at his former prison of residence (Doc. 54 at 1), despite the Magistrate Judge's acceptance of Lucas's claim that the sidewalks did not comport with ADA grade

thumb-splints cannot be introduced at this stage of a motion for summary judgment and will not be considered by the Court. *See Gilmour v. Gates, McDonald, & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004). Lucas must raise any new claims in a separate action.

As to Lucas's remaining objection, the record shows that the earliest documented recommendation for an electric wheelchair to help with Lucas's BJA was made in March 2019. Docs. 52 at 8; 47-5 at 23. After this recommendation, the Georgia Department of Corrections ("GDOC") began making various preparations for Lucas's electric wheelchair, such as measuring Lucas to ensure a proper fit. Doc. 47-5 at 24. Then, Lucas received his electric wheelchair in July of 2019. Doc. 47-3 at 17. Prior to the official recommendation of an electric wheelchair, Lucas received various treatments for his BJA, which included medications, a manual wheelchair, referrals to orthopedic specialists, hand injections, and the supply of various aids like thumb-splints, wheelchair cushions, and gloves. Docs. 52 at 8; 47-5 at 9-11, 14; 47-3 at 17. Despite Lucas's claim that prison officials denied him BJA care for 45 months, the record shows that he was provided with various courses of treatments during that time. *Id.* Lucas's disagreement with the choice of treatment does not amount to deliberate indifference under the Eighth Amendment. *Hoffer v. Sec'y, Fla. Dept. of Corrs.*, 973 F.3d 1263, 1271 (11th Cir. 2020). Additionally, Lucas has made no showing of the subjectively culpable state of mind on the part of the defendants, as required to sustain a deliberate indifference claim. *Id.*, at 1272. Accordingly, Lucas's objection is without merit.

Therefore, after review, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation (Doc. 52) is

---

requirements. Doc. 52 at 2. The exact state of these sidewalks has no bearing on the Magistrate Judge's Recommendation. Accordingly, this objection does not require attention.

-3-

**ADOPTED** and made the Order of the Court.  Accordingly, the Defendants' motion for summary judgment is **GRANTED**.

    **SO ORDERED**, this 1st day of February, 2022.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
